| | | |
|---|---|---|
| CHARMANE THURMAND | : | CIVIL NO. 3:18CV01140(JCH) |
|     *PLAINTIFF,* | : | |
| | : | |
|     V. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, SUSAN | : | |
| B. HERBST, MUN Y. CHOI, KENT | : | |
| HOLSINGER, SCOTT JORDAN, | : | |
| STEPHANIE REITZ, BRUCE GELSTON, | : | |
| KIMBERLY HILL, CAROL CARSON, | : | |
| THOMAS K. JONES, MARK E. | : | |
| WASIELEWSKI | : | |
|     *DEFENDANTS* | : | NOVEMBER 26, 2019 |

## UCONN DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Attorneys who practice before this Court assume responsibilities to their client, to the opposing parties and their counsel, and to the Court. The sources of these duties are varied and include Codes Of Professional Conduct, statutes, the Federal Rules of Civil Procedure, and the local Rules of this Court. *Hart v. Blanchette*, No. 13-CV-6458CJS, 2019 WL 1416632, at *1.

In this employment discrimination case, Plaintiff seeks to effectively deprive the Defendants of counsel of their choice by refusing to hold the depositions in a handicapped-accessible location to permit the undersigned to attend. Despite repeated requests, Attorney Brewer has refused to move the depositions to an accessible location – even within a two-minute walk from his office. Rather, he has demanded medical documentation and said he does not believe the undersigned. Accordingly, the undersigned reluctantly seeks the intervention of this Court to ensure that the depositions are held in an accessible location.

The undersigned has a state-issued permanent handicapped parking permit and since 2015 has had parking accommodations from the Office of the Attorney General. If the Court requests it, the undersigned will provide a physician's note for *in camera* review. However, Attorney Brewer – *without any basis whatsoever*- has refused to move the location of the depositions and said he does not

1

believe that the undersigned has limited mobility. As these email communications demonstrate, Attorney Brewer's response is inappropriate and unbecoming an officer of the Court.[1]

On November 18th, upon receiving notice of deposition from Plaintiff, the undersigned wrote within an hour to Attorney Brewer, saying:

> Thank you for the notices of deposition. When we spoke about depositions previously, I asked if your office is accessible. If it requires using stairs, I cannot access it. Next week, the OAG is moving to the State Office Building at 165 Capitol Avenue, so if you want to hold the depositions there, I can reserve a room.

On November 19th, Attorney Brewer responded:

> Regarding location my office is very accessible, unless you're in a wheelchair. Are you unable to walk? I am unsure of the extent of your "accessibility" issue you speak of.

To which the undersigned replied:

> As to accessibility, I have advised you that I cannot do any stairs as I have limited mobility. No, I am not in a wheelchair. However, if reaching the deposition location requires the use of any stairs, I cannot reach it. So, please advise if your location is accessible. If it is not, and you told me earlier this year that it is not, I will need to ask the Court that you hold the deposition in an accessible location. That is not an unreasonable request since I must accompany my clients to the deposition.

Then, on November 20th, Attorney Brewer demanded a doctor's note from opposing counsel regarding her condition:

> **I do not accept your statement that you can't climb stairs;** are you saying that you take an elevator to get into the federal building in New Haven or superior court in Hartford? **Do you have a doctors (sic) note**? (emphasis supplied).

That day, the undersigned responded:

> Counselor,
>
> I find your questions offensive since I have made representation to you as an officer of the court. I have advised you that I have a handicapped placard from the DMV. I cannot fathom why you think I am required to address my disabilities with opposing counsel and discuss my physician's medical notes.

---

[1] The emails also contain a settlement demand, so only those portions relating to the depositions are appended; it would not be appropriate to publicly file a settlement discussion.

>So if you do not consent to moving the depositions to an accessible location, I will be forced to ask Judge Hall for an appropriate order that the depositions be held in an accessible location.
>
>I do not understand how an attorney who practices in civil rights can be some callous in responding to a simple request to hold depositions at an accessible location.
>
>If I do not hear from you by the end of the week, I will assume you will continue to refuse to hold the depositions in an accessible location and will seek the Court's intervention.
>
>I hope you consider your response and this is unnecessary.

Attorney Brewer responded on November 20th,

>It is neither offensive or unreasonable as we all have limitations.  I have a tough time with stairs at times, with severe arthritis, and tell you and anyone else that has a legitimate inquiry. This is for you as well.
>Further, simply answering the questions will confirm that you are not using this to have "home field advantage" for these depositions. Your response seems overly defensive.
>
>You offer up without hesitation that you have a DMV placard, but can't tell me how you get into and out of court buildings?  Further, your attack on me, it is getting old. I am called names for asking a legitimate question, is equally offensive.  I suppose you don't recall my consenting to a lengthy delay for your previous medical issue, no callousness at all and  none intended here as well.
>
>My client is at a distinct disadvantage doing depositions at a remote location, especially as a solo with no staff.  Should a document be needed or printed I would be forced to go without; this happens in alamos (sic) every deposition and depends at times on the responses.  Stuff happens.
>
>So take the emotion out and let me know why you can't walk up a few steps to my office for depositions; if that is the case then I will consider doing depositions at your office.

The undersigned replied:

You have repeatedly challenged my truthfulness and asked insulting questions about whether I can walk or use a wheelchair? Frankly, that behavior is unbecoming and quite unnecessary.  I will not divulge my medical information or respond to any additional questions about my limitations.  While we are required to confer, I am not going to be bullied for having a disability and can only wonder what is there to talk about given your responses.  I have behaved in a civil and professional manner, so this is not "overblown."  Ethically, I am required to zealously represent my clients which I cannot do if I cannot access the deposition location.  So this is simple - do you agree to an accessible location or not?  We have a number of depositions scheduled and I do not want to delay

3

them, having already moved to postpone depositions in other matters.  So the earlier I contact the Court, the earlier we have a ruling.

The undersigned has refused to provide any medical notes to Plaintiff's counsel and has not received any response from him regarding the requested change in location.  As the depositions noticed by the Plaintiff commence in December, this motion is filed to ensure that there will be no delay in those depositions sought by the Plaintiff.

WHEREFORE, the Defendants move this Court enter an order that the depositions in this matter be held in a handicapped-accessible location to permit the counsel for the Defendants to participate.  Further, the undersigned assures the Court that if the depositions are held at the Office of the Attorney General, Attorney Brewer will be permitted to make copies as desired at no expense.

DEFENDANTS,

UNIVERSITY OF CONNECTICUT, SUSAN HERBST  MUN Y. CHOI, KENT HOLSINGER, SCOTT JORDAN , STEPHANIE REITZ BRUCE GELSTON, and KIMBERLY HILL,

GEORGE JEPSEN
ATTORNEY GENERAL

By:/s/ *Nancy A. Brouillet*
Nancy A. Brouillet
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel.:  (860) 808-5340
Fax:  (860) 808-5383
Email:  Nancy.Brouillet@ct.gov
Federal Bar # ct03138

4

**CERTIFICATION**

I hereby certify that on November 26, 2019 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Nancy A. Brouillet*
Nancy A. Brouillet (# ct03138)
Assistant Attorney General

5