UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARMANE D. THURMAND, | : CIVILACTION NO: |
| PLAINTIFF, | 3:18-CV-01140-JCH |
| V. | : |
| UNIVERSITY OF CONNECTICUT, ET AL. | |
| DEFENDANTS | : NOVEMBER 26, 2019 |

## MEMORANDUM IN OPPOSITION TO
## UCONN DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**LEGAL ARGUMENT**

On November 26, 2019, Defendants' counsel filed a motion for protective order regarding the location of plaintiff's noticed depositions. The motion is premature, and in violation of Local Rule 37.

Local Rule 37(a) states:

> No motion pursuant to Rules 26 through 37, Fed.R.Civ.P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. …

Defendants' counsel refused to have a phone conversation with plaintiff's counsel regarding her claimed inability to access the plaintiff's office for the noticed depositions. This is despite Plaintiff's counsel asking for such a discussion prior to her filing, with the hope of resolving the matter short of seeking the court's intervention. Defendants' counsel conflates a simple legitimate question of counsel's accessibility with attacks on her credibility and an attack on plaintiff's counsel humanity. Both have been exaggerated. Plaintiff's counsel sought some verification of the claimed inability to climb five steps to his office. Plaintiff's counsel agreed to accept the representation that Defendants' counsel is unable to climb the Court house steps.

It is striking that defendants' counsel recites, verbatim numerous emails in her motion and excludes plaintiff's counsel November 20, 2019 email to her stating:

*Let's take a time out and talk about this, as the court requires, before you go running off to the judge. I have time tomorrow. I really think this is getting way overblown and I am sorry about that. And yes it is an advantage but more a disadvantage as I described. I am sure we can be adults and work this out.*

*Email, Brewer to Brouillet*, November 20, 2019, Attached as Exhibit 1.

Instead of discussing the matter, as required by LR 37, Defendants' counsel responded with yet another email, apparently trying to build a record for this motion. Plaintiff's counsel anticipated a phone conversation prior to the filing of this motion. Defendants' counsel claiming no response is unfair and inaccurate.

Defendants' counsels' omission of the above email misstates Plaintiff's counsel's position, it seeks to legitimize the claim of refusal to discuss the dispute prior to filing this motion. Defendants' counsel's affidavit states: "As of this affidavit, I have not received any communication from Attorney Brewer in response". Further, counsel claimed that in a discussion she would be, "bullied for having a disability and only wonder what there is to talk about given your responses." *Affidavit of Nancy Brouillet,* ¶ 14, dated *November 26, 2019, attached to Motion to Protective Order*. This specious claim that she would be bullied and not know what counsel would talk about is not a basis to refuse to confer with Plaintiff's counsel. It appears Defendants' counsel anticipated being asked why she cannot climb a few steps, something she offers to explain to the Court.

There is no bullying and days earlier there was cordial emails between counsel:

*November 15, 2019- Brouillet: I will advise my client and let you know when I hear something.*
*November 15, 2019-Brewer: Thanks. Have a nice weekend.*
*November 15, 2019-Brouillet: You too..*

2

It is common practice for the party calling the deposition to set forth the location. Of course, if defendants' counsel cannot climb five steps to plaintiff's counsel's office, something that was hoped to be discussed, then the location would be changed to a wheel chair accessible location, including perhaps her office. But defendants' counsel refused to discuss this, instead rushing to the Court, and offering to submit to the Court some sort of medical note, thereby admitting that some proof may be required.

Plaintiff had no intention to demand defendants' counsel do more than physically able. Her position is ambiguous, as is her refusal to state that she is unable to climb any stairs, to the courthouse or plaintiff's office. Plaintiff attempted to engage in a good faith telephone conference to discuss the issue.

Therefore, the motion for protective order is premature.

**CONCLUSION**

For all the foregoing reasons, the plaintiff respectfully submits that the defendants' motion for protective order be denied.

PLAINTIFF,

By:   /s/James S. Brewer
James S. Brewer
Fed. Bar. No. ct07019
67 Russ Street
Hartford, CT 06106
Tel: (860) 217-0652
jbreweratty@gmail.com

**CERTIFICATION**

I hereby certify that on the above date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ *James S. Brewer*